NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NADEZDA ARANDJELOVIC,** | Civ. No. 2:14-cv-2849 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Nadezda Arandjelovic brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's final determination denying her application for Social Security Disability, Supplemental Security Income, and Widow's Benefits. For the reasons that follow, the Commissioner's decision is **VACATED** and **REMANDED**.

I. LEGAL STANDARDS

A. The Five-Step Sequential Analysis

Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals

1

the criteria of any impairment found in the Listing of Impairments.  20 C.F.R. Part 404, Subpart P, Appendix 1, Part A.  If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four.  *Id.* §§ 404.1520(d), 416.920(d).  In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the residual functional capacity ("RFC") to perform past relevant work ("PRW").  *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f).  The claimant bears the burden of proof at each of these first four steps.  At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience and RFC.  20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

### B. Standard of Review

For the purpose of this appeal, the Court conducts a plenary review of the legal issues.  *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The factual findings of the Administrative Law Judge ("ALJ") are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations. *See id.* (*citing* 42 U.S.C. § 405(g)).

## II. BACKGROUND

From 1986 through 1998, Plaintiff worked as a sewing machine operator/ribbon maker, putting rosettes on clothing.  (R. 75).  The disposition of this case turns upon the classification of that job.  If it was semi-skilled work, she is disabled under the relevant regulations.  If it was unskilled work, she can perform her past relevant work ("PRW") and is therefore not disabled.

### A. Plaintiff's Background

Plaintiff is a Serbian immigrant who was born on May 2, 1953.  She moved to the United States in 1986 and became a citizen.  (R. 16).  She has limited English. She stopped working around 1998 due to anxiety and depression.  (R. 266, 274). Between 1998 and the time she applied for Social Security in 2008, she experienced

2

several other health problems. (R. 266, 274). In 2008, her husband died of cancer. (R. 266, 274). Her 2008 Social Security application complains of worsening mental health conditions following the death of her husband. (R. 266, 274). Her application also complains of disabling pain. (R. 272, 276, 287, 298). Her 2008 application claims an onset of disability date of March 15, 1998, making her forty-four years old at the time.

### B. Procedural Background

On September 30, 2010, ALJ James Andres issued an opinion finding that Plaintiff was not disabled. (R. 93-101). At that hearing, ALJ Andres found at step one that the Plaintiff had not been engaged in substantial employment since March 15, 1998. (R. 95). At step two, he found one severe impairment: anxiety. (R. 95). At step three, he found that Plaintiff's impairment did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. At step four, he found that the Plaintiff had the RFC to perform only unskilled work, but at all exertional levels. (R. 100). Because he found that Plaintiff's past work as a sewing machine operator was "semi-skilled," he found that she could not perform her past relevant work. (R. 100). At step 5, ALJ Andres concluded that Plaintiff was unable to communicate in English and was "closely approaching advanced age" at age 44. (R. 100). He consulted the Medical-Vocational Guidelines, 20 C.F.R. Part 40, Subpart P. Appendix 2, also known as "the grids," for guidance on the Plaintiff's age, education, work experience, and RFC. Plaintiff fit Grid Rule 204.00, which advises a finding of "not disabled" because "an impairment which does not preclude heavy work (or very heavy work) would not ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though age, education, and skill level of past relevant work experience may be considered adverse." 20 C.F.R. § Pt. 404, Subpt. P, App. 2.

The Plaintiff appealed to the Appeals Council. (R. 107-09). The Appeals Council remanded the case. The Appeals Council found two reasons for remand: 1.) problems with the translator, and 2.) new and material evidence about changes in Plaintiff's cervical spine. The Appeals Council remanded the case with the following relevant directions:

- Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations. (Social Security Ruling 96-8p). In so doing, evaluate the treating source opinions pursuant to the provisions of 20 CFR 404.1527 and 416.927 and Social Security

3

> Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence. As appropriate, the Administrative Law Judge may request the treating sources to provide additional evidence and or further clarification of the opinions and medical source statements about what the claimant can still do despite the impairments. (20 CFR 404.1512 and 416.912).
>
> - If warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. (Social Security Ruling 83-14). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(R. 108).

On remand, ALJ Donna Krappa repeated the five step analysis. At step one, she found that Plaintiff had not been engaged in substantial employment since March 15, 1998. (R. 14). At step two, she found that Plaintiff had the following severe impairments: anxiety disorder; panic disorder; disorder of the back; history of shingles. (R. 14). At step three, ALJ Krappa found that none of Plaintiff's impairments, individually or in combination, met or were equal to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. At step four, ALJ Krappa found that the Plaintiff had the RFC to perform work that is light, simple, unskilled, and low stress. (R. 15). Also at step four, ALJ Krappa concluded that Plaintiff could perform her past relevant work and directed a finding of not disabled.

### C.     Vocational Expert Opinion

During the hearing on remand, ALJ Krappa had the following colloquy with the vocational expert, Jackie Wilson:

4

> Q: [O]ur claimant testified that she worked in a factory where she put rosettes on clothing. What's the exertional and skill level of that job?
>
> A: According to the Dictionary of Occupational Titles, your honor, I'd classify that work as sewing machine operator. . . . It has a DOT of 786.685-020. It's within the light exertional range. It has an SVP of 2, making it unskilled.

(R. 75). The vocational expert opined that a person limited to light, simple, unskilled, low-stress work could perform this sewing machine operator job. (R. 77).

### DISCUSSION

The Medical-Vocational Guidelines, or "the grids" are "rules" which "are used to guide conclusions of 'disabled' or 'not disabled' at step five based on a claimant's vocational factors (age, education, and work experience) and exertional RFC (sedentary, light, medium, heavy or very heavy). *Martin v. Barnhart*, 240 F. App'x 941, 944 (3d Cir. 2007) (*citing* 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(a)). The Secretary of Health and Human Services developed the grids in 1978 to improve the efficiency and uniformity of determinations as to when a person who cannot perform PRW can transfer to other work. *See Heckler v. Campbell*, 461 U.S. 458, 458 (1983). The grids "set forth various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination." *Kummer v. Colvin*, No. CIV.A. 12-413, 2013 WL 5467067, at *2 (W.D. Pa. Sept. 30, 2013) (*citing* 20 C.F.R. Part 404, Subpart P, Appendix 2). "When the four factors in a claimant's case correspond *exactly* with the four factors set forth in the grids, the ALJ must reach the result the grids reach." *Id.* (*citing Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §§ 404.1569 and 416.969; 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00.).

Grid Rule 202.09 directs a finding of "disabled" where a Plaintiff is approaching advanced age, is unable to communicate in English, and is only capable of light, unskilled work. Plaintiff argues that she fits this description. However, the ALJ only needs to consult the grids at step five, after determining that a claimant is unable to perform her PRW. *Brinegar v. Barnhart*, 358 F. Supp. 2d 847, 862 (E.D. Mo. 2005) (*citing* 20 C.F.R. §§ 404.1520, 416.920; 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00; *Martin v. Sullivan,* 901 F.2d 650, 653 (8th Cir. 1990)). In this case, ALJ Krappa never consulted the grids because she found that Plaintiff was able to perform her PRW at step four.

5

Plaintiff argues that ALJ Krappa's step four finding that Plaintiff could perform her PRW was erroneous because Plaintiff's previous work was semi-skilled, and she only has the RFC for unskilled work. Whether her PRW was semi-skilled or unskilled is not clear for several reasons, and remand is warranted for further development of the record.

First, there is a material inconsistency in ALJ Krappa's opinion. In her step four analysis, ALJ Krappa wrote: "According to the Vocational Expert, Ms. Wilson, the claimant's prior work as a sewing machine operator was *semi-skilled* and performed at the light level of exertion. Under the residual functional capacity fashioned in this decision, it was Ms. Wilson's opinion that the claimant would be able to return to her prior work as a sewing machine operator. I fully credit her expert opinion." (emphasis added) (R. 22). Of course, Ms. Wilson opined that the sewing machine operator was *unskilled*, not semi-skilled.

The Commissioner argues that ALJ Krappa's use of "semi-skilled" rather than "unskilled" is a scrivenor's error. That is very likely theory, and for clarification, the Court examined the vocational expert's testimony. However, that testimony contains inconsistencies that are themselves quite troubling.

The vocational expert stated that Plaintiff's job had the DOT code 786.685-020. This DOT code does not exist. There are similar codes for different types for sewing machine operators: some of them are "skilled" and some are "semi-skilled." For example, Plaintiff argues that her PRW was properly classified as DOT 787.685-050, a job with an SVP of 3. The Commissioner argues that the vocational expert meant to say DOT 786.685-018 or DOT 786.685-022, which are sewing machine operator jobs with SVP of 2. Since the details of the Plaintiff's PRW are not discussed in any depth in the record, there is no substantial evidence that supports one argument over another.

Moreover, the Appeals Council's remand directs re-evaluation of Plaintiff's *exertional* limitations in light of new medical evidence relevant to her pain issues, but they do not explicitly instruct reconsideration of *non-exertional* limitations. While the Commissioner did not explicitly limit the ALJ from reconsidering any part of ALJ Andres's decision, (*see* R. 213)[1], it would be, in light of the other

---

[1] The Notice of Hearing for Plaintiff's hearing on remand specifies the issues that the ALJ will consider. One of those issues is "[w]hether you can do the kind of work you did in the past." (R. 213). The Notice of Hearing further states: "If you disagree with the issues listed above, you must state in writing why you disagree." (R. 214). Plaintiff did not object to the consideration of any issues. An ALJ on remand may reconsider any issue, so long as it is not inconsistent with the Appeals Council's remand order. 20 C.F.R. § 404.977. ("The administrative law judge shall take any action

inconsistencies, somewhat troubling if ALJ Krappa intended to revise ALJ Andres's determination that the PRW was semi-skilled without any mention of this crucially important change.

Finally, it should also be noted that the remand directions from the Appeals Council stated: "Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p)." ALJ Krappa did not do this, since the DOT code the vocational expert cited did not exist.

If Plaintiff's PRW was "semi-skilled, it would warrant a conclusion that 1.) Plaintiff did not have the RFC to perform her PRW; 2.) Grid Rule 202.09 applies; and 3.) Plaintiff is disabled. This is a highly technical but very important question. The only evidence supporting the Commissioner's position is a vocational expert's testimony about a DOT number that does not exist. In light of conflicting evidence, such as the Plaintiff's proposed DOT number, ALJ Andres's finding that the work was semi-skilled, and even ALJ Krappa's use of the word "semi-skilled," the record, on the whole, does not contain substantial evidence that Plaintiff's PRW was unskilled. A properly supported conclusion can only be reached with further development of the factual record regarding Plaintiff's PRW.

## III. CONCLUSION

For the reasons set forth above, the final determination of the Commissioner is **VACATED** and **REMANDED** for further proceedings in accordance with this Opinion.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 2, 2015**

---

that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.").