UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NADEZDA ARANDJELOVIC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　Defendant. | Civ. No. 14-2849 (WJM)<br><br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

　　　This matter comes before the Court on Plaintiff Nadezda Arandjelovic's ("Plaintiff") motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). This Court previously vacated and remanded the Commissioner's final determination denying Plaintiff's application for Social Security Disability, Supplemental Security Income, and Widow's Benefits, for further development of the factual record regarding Plaintiff's prior relevant work. The motion is decided without oral argument. Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion is **GRANTED**.

I.　　BACKGROUND

　　　Plaintiff worked as a sewing machine operator from 1986 through 1998. (*See* Opinion ("Op.") 2, ECF No. 17) In 2008 Plaintiff applied for Social Security benefits, claiming her disability began in 1998. (*See id.* at 3.) On September 30, 2010, Administrative Law Judge ("ALJ") James Andres issued an opinion finding that Plaintiff was not disabled. (*See id.*) The Plaintiff appealed the ALJ's determination and the Appeals Counsel remanded the case due to problems with the translator and new evidence about changes in Plaintiff's medical condition. (*See id.*) On remand, ALJ Donna Krappa concluded that Plaintiff was not disabled after hearing the testimony of a vocational expert. (*See id.* at 4.) The vocational expert testified that Plaintiff's occupation was "unskilled," citing a DOT job number that does not exist. (*See id.* at 5.) In the subsequent opinion, the ALJ stated that the Plaintiff's occupation was "semi-skilled," and gave significant

weight to the vocational expert's testimony (*See id.* at 6.)  Plaintiff sought review from this Court of the Commissioner's final determination denying her application.  This Court vacated and remanded the Commissioner's decision.  (*See id.*)  In doing so, the Court found that it was unclear whether Plaintiff's previous work experience was properly classified as "unskilled."  (*See id.* at 6.)  Though the Court attributed the inconsistencies in the ALJ's opinion to scrivener's error, the Court found troubling inconsistencies in the vocational expert's testimony—citing a DOT job number that did not exist in supporting the classification of "unskilled."  (*See id.*)  In its papers, the Government took the position that the vocational expert intended to cite one of the "unskilled" sewing machine operator occupations.  (*See id.*)  However, the Court found that "the record, on the whole, [did] not contain substantial evidence" to make a determination that the skill level of Plaintiff's prior work experience was "unskilled" or "semi-skilled," because the only support the Government had for its position was the inconsistent testimony of the vocational expert.  (*See id.* at 7.)

Plaintiff now seeks attorney's fees based on the argument that the Government improperly evaluated Plaintiff's prior work, classifying it as "unskilled," without substantial justification.  (*See* Pl.'s Mot. Atty's Fees ("EAJA Mot.") 3-4, ECF No. 19.)  The Government opposed the motion for attorney's fees.

## II. DISCUSSION

### A. Whether the Government's Position was Substantially Justified

A prevailing plaintiff may be awarded attorney's fees if the Government's position in the case was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A); *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004).  A position is "substantially justified" if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The Third Circuit has established a three-prong test to determine whether a position is substantially justified:  "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory [] propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced."  *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998).  It is the Government's burden to show such a reasonable basis.  *See id.*

The Government's brief puts forth three arguments to support its "substantially justified" position.  First, according to the Government there was a

reasonable basis in law for its position. Any inconsistencies in the vocational expert's testimony are immaterial the Government argues, because similar sewing machine operator jobs listed by the DOT are classified as "unskilled." Second, the Government asserts that there was substantial justification for relying on the vocational expert's testimony, a reasonable basis in fact, since occupations similar to Plaintiff's past work were classified as unskilled and the vocational expert testified that the occupation was unskilled. Similarly, the Government asserts that the ALJ's reference to "semi-skilled work" was an immaterial scrivener's error. Third, the Government concludes by arguing that when considering the totality of the circumstances of the case—the unskilled classification in conjunction with the vocational expert's actual testimony and the other issues not reached by the Court—there was clearly an overall substantial justification for the position that Plaintiff was undeserving of benefits. The Court finds that, taking the errors cumulatively, the Government did not have a reasonable basis in fact or law that substantially justified its position.

Tackling the reasonable in law argument first, "[i]f a typographical error is immaterial to the case, it should be discarded." *Madison v. Astrue*, No. CIV. A. 3:CV-07-364, 2008 WL 2962337, at *6 (M.D. Pa. July 29, 2008) (citing *Hudson v. Comm'r Soc. Sec.*, 93 F. App'x 428, 430 (3d Cir. 2004)). When determining whether an error is immaterial, the court should consider whether the record makes clear the true intended meaning of the error in question. *See id.* The Government argues that the error made by the ALJ and the vocational expert was immaterial and that its reliance on such a mistake was reasonable. Although the Court noted that the use of "semi-skilled" in the ALJ opinion was "very likely" a scrivener's error, the Court nonetheless found the vocational expert's testimony that formed the basis of the ALJ's opinion demonstrated "a material inconsistency." (Op. 6); *see also Droz v. Astrue*, No. CIV.A.10-3238, 2010 WL 6401731, at *7 n.18 (E.D. Pa. Dec. 16, 2010) *report and recommendation adopted*, No. CIV.A. 10-3238, 2011 WL 1193080 (E.D. Pa. Mar. 28, 2011) (stating that error was not a typographical one where "assumptions were erroneous and could have impacted the ALJ's analysis.") This Court's prior finding thus clearly precludes the Government's immateriality argument.

Moving to the reasonableness in fact of relying on the vocational expert's testimony, the Government argues that although the DOT code the vocational expert relied on did not exist, there are a number of unskilled sewing machine operator jobs in the DOT. This allowed for a reasonable basis, since there was no

3

real conflict between the vocational expert's testimony and the DOT.  However, the Government overlooks the fact that the DOT lists semi-skilled sewing machine operator jobs as well and that properly distinguishing between these positions was the crux of the arguments raised by both sides—no minor inconsistency.  (*See* EAJA Mot. 3.)  The Government argues, in turn, that multiple permissible views of the evidence would allow for a denial of attorney's fees. *Jackson v. Bowen*, 807 F.2d 127, 130 (8th Cir. 1986).  However, the fact that no "substantial evidence" supported the Government's unskilled argument negates the question of multiple permissible views and further diminishes any reasonable basis in fact.  (Op. 6-7.)  Therefore, the Government did not have a reasonable basis in fact for relying on the vocational expert's testimony and taking the position that Plaintiff's occupation was classified as "unskilled."

Finally, the Government argues that its position on issues not reached by this Court demonstrates substantial justification in its position in the case overall. *See Williams v. Astrue*, 600 F.3d 299, 301 (3d Cir. 2009).  In *Williams*, the Third Circuit found that the Government's position was substantially justified, even though the plaintiff argued that the ALJ misstated the vocational expert's testimony, because the error in the ALJ's decision was inconsequential based on the totality of the circumstances. *See id.* at 302.  The ALJ could have thus reached the same conclusion based on other evidence in the record. *See id.*

Here, as noted in this Court's prior opinion, there is no evidence beyond the vocational expert's testimony to support a finding regarding the skill level of Plaintiff's prior work.  (*See* Op. 7.)  Consequently, unlike in *Williams*, a classification of "unskilled" could not have been reached based on other evidence.  (*See id.*)  It is also crucial that the entire appeal turned on this single issue—the classification of Plaintiff's prior work.  (*See id.* 2.)  Accordingly, there was no reasonable connection between the Government's position and the evidence in the record. *See Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 325 (3d Cir. Pa. 2010).  The Third Circuit has held that the Government must make a "strong showing" that its position was "substantially justified" both in fact and law, and the Court does not find that to be the case here. *See Tressler v. Heckler*, 748 F.2d 146, 150 (3d Cir. 1984).

**B.     Whether Plaintiff's Request for Attorney's Fees is Reasonable**

Having determined that an award of attorney's fees is appropriate, the Court must determine whether Plaintiff's requested fees are reasonable.  Plaintiff has

requested attorney's fees in the amount of $7,703.86 for 27.25 paralegal hours and 28.30 attorney hours. The Government objects to the reasonableness of these hours, arguing that they should be reduced to 23.25 paralegal hours and 17 attorney hours.[1] Courts may exclude hours that are "excessive, redundant, or otherwise unnecessary" as unreasonable. *See Figueroa v. Comm'r of Soc. Sec.*, No. 09-CV-3601, ECF No. 23 at *2 (D.N.J. July 12, 2010). "[T]he district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Government specifically objects to several tasks billed by counsel, which fall into two categories: (i) clerical tasks that should not have been billed by counsel at all, and (ii) excessive or redundant time spent on particular tasks.

At the outset, the Court notes that forty hours has previously been found reasonable for a typical Social Security case. *See Gillem v. Astrue*, No. CIV. 06-6184 (WJM), 2008 WL 1925302, at *1 (D.N.J. Apr. 30, 2008); *Menter v. Astrue*, 572 F. Supp. 2d 563, 566 (D.N.J. 2008). As such, Plaintiff's request of 55.55 hours is not unconscionable for a more complicated social security matter.

### i. Clerical Tasks

The Court finds that certain tasks billed by counsel were "plainly clerical" and could have been performed by support staff. *See Bielec v. Bowen*, 675 F. Supp. 200, 204 (D.N.J. 1987). Such clerical tasks include fifteen minutes to review "packages" and six minutes to "diary trial brief due date." On the other hand, it is reasonable for an attorney to spend time reviewing documents and forms that will be submitted to the court. *See Highsmith v. Barnhart*, No. CIV.A.04-801, 2006 WL 1582337, at *5 (E.D. Pa. June 7, 2006). For these reasons, counsel's fees are reduced by .35 hours for clerical tasks, but will not be reduced for tasks where counsel reviewed documents.

### ii. The Complaint

Counsel spent 1.3 hours to review and file the complaint drafted by the paralegal as well as review the local rules. (*See* Aff. Maryjean Ellis ("Ellis Aff.") ¶ 4, ECF No. 19-3.) The Government objects to this as excessive given counsel's experience, stating that Ms. Ellis is an experienced attorney who has specialized in Social Security matters for eleven years. (*See id*. ¶ 3). As stated above, it is

---

[1] The parties do not dispute the reasonableness of the hourly rate.

reasonable for counsel to review documents that will be submitted to this court. Accordingly, the Court will not modify these hours.

### iii. The Statement of Contentions

The Government objects to the paralegal spending 3.5 hours drafting the statement of contentions and McChesney and Ellis spending .75 hours and .25 hours, respectively, reviewing and editing it. The Government argues that this is redundant and excessive given that the document simply repeats issues presented in Plaintiff's brief. The statement of contentions is a short document filed before the brief in accordance with the local rules. *See* L. Civ. R. 9.1(d). The purpose of this rule is "to encourage early and amicable resolution of Social Security matters . . . without the need for briefing." *Cortez v. Astrue*, 2010 WL 4178782, at *2 (D.N.J. 2010). Courts in this District have reduced the hours charged for writing the brief where a statement of contentions has not been filed. *See id.* at *2. The hours billed by counsel is well below this Court's prior estimate of time required to write the statement. *See In re Shalan*, No. 07-CV-5279, 2008 WL 2224809, at *1 (D.N.J. May 22, 2008) ("[T]he time that would have been reasonably necessary to draft the Local Rule 9.1 statement, which the Court has approximated as 7.2 hours."); *see also Conde ex rel. Lopez v. Comm'r of Soc. Sec.*, No. CIV.A.07-5580(SRC), 2009 WL 901155, at *1 (D.N.J. Mar. 31, 2009) ("[A] number of courts in this district have adopted the practice of reducing the hours charged for writing the brief to 7.2 hours, an estimate of the time that would have been required to write the . . . statement."). Therefore, the Court will not reduce these hours.

### iv. The Brief

Plaintiff's counsel spent a total of 14.5 attorney hours and 16 paralegal hours working on the brief. This Court has found that roughly 16.25 hours is a reasonable amount of time to spend on a Social Security brief. *See Shalan*, 2008 WL 2224809, at *1. Over thirty hours spent on a brief is unreasonable, especially for an experienced counsel. In addition, it appears that counsel violated the local rules, which limit a brief to thirty pages using a 12-point proportional font. *See* L. Civ. R. 7.2(d). This is a rule counsel should have been aware of given the fact that Plaintiff was billed to review the local rules. (*See supra* at 5.) This Court has previously found that exceeding the page limit in violation of local rules is a factor to consider when reviewing requests for attorney's fees. *See Gillem*, 2008 WL 1925302, at *2. For these reasons, the Court will reduce the hours billed for

working on the brief to 17 hours (9 hours of paralegal time and 8 hours of attorney time) from 30.5 hours.

### v. The EAJA Petition

Counsel billed 2.5 hours to draft and review the EAJA petition. The Government objects to this as redundant because more than one attorney reviewed the petition. The number of hours billed by counsel does not appear excessive, considering the length and detail of the petition. *See Debose v. Apfel*, No. CIV. A. 98-2096, 2000 WL 298927, at *3 (E.D. Pa. Mar. 15, 2000) ("Claims involving time spent in drafting an EAJA petition are fact specific and should be reviewed on a case-by-case basis.") Thus, the attorney's fees billed on the EAJA petition will not be reduced.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED**. The Court will reduce the billable hours to 41.7 from the requested 55.55 and award $5,802.01 in attorney's fees.

        /s/ William J. Martini
        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 8, 2016**